**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT RENE, JR. P.E.,**

      **Plaintiff,**

**v.**                                                    **Case No: 6:26-cv-553-CEM-DCI**

**A & M ENGINEERING AND**
**ENVIRONMENTAL SERVICES, INC.,**

      **Defendant.**

                                   /

## ORDER

Plaintiff, proceeding *pro se*, requests access to the Court's electronic filing system. Doc. 10 (the Motion). The Court finds that Plaintiff has demonstrated good cause to allow access.

The Court notes that Plaintiff also represents in the Motion (Doc. 10) and the Response to Defendant's Motion to Dismiss (Doc. 13, the Response) that he has attempted to file an amended complaint but was unable to do so because he could not electronically file the document. In the Response, Plaintiff seeks leave to amend the Complaint as an alternative form of relief. Doc. 13 at 3, 17.

First, Plaintiff is reminded that he may not include a request for relief within a response to a motion. *See* Local Rule 3.01(b) ("A motion must include — in a single document no longer than twenty-five pages — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."). [1]   Second, relief is not

---

[1] Plaintiff is also reminded that under the Local Rules "[b]efore filing a motion in a civil action, except a motion for a Rule 11 sanction, for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good

warranted because Plaintiff may file an amended pleading once as a matter of course within 21 days after service of a motion filed pursuant to Federal Rule of Civil Procedure 12(b). *See* Fed.R.Civ.P. 15(a)(1)(B). On March 18, 2026, Defendant served the Motion to Dismiss for failure to state a claim under Rule 12(b)(6) (Doc. 9 at 26), and, therefore, the time to file an amended complaint without leave of court has not yet expired.[2]

Based on the foregoing, it is **ORDERED** that:

1. the Motion (Doc. 10) is **GRANTED** and

   a. Plaintiff is advised that access is limited to this case;

   b. if Plaintiff is not already registered, Plaintiff shall register for electronic filing by visiting the CM/ECF link on the Court's website at www.flmd.uscourts.gov;

   c. once registered, Plaintiff shall complete the CM/ECF program tutorial on the Court's website. Plaintiff also shall become familiar with and follow the policies and procedures set forth in the Administrative Procedures for Electronic Filing, which is available under the CM/ECF link on the Court's website; and

   d. alternatively, Plaintiff may mail hard copies of filings to the Clerk of the Court;

2. if Plaintiff intends to file an amended complaint, he is reminded that he may due so as a matter of course **on or before April 8, 2026**. *See* Fed.R.Civ.P. 15(a)(1)(B). If

---

faith effort to resolve the motion," and provide a certificate regarding the conferral. Local Rule 3.01(g). Plaintiff states that Defendant does not oppose the relief, but Plaintiff must include a "Local Rule 3.01(g) Certificate" pursuant to Local Rule 3.01(g)(2).

[2]Within the Response, Plaintiff also includes an alternative request to remand the state law claims to Orange County Circuit Court. Doc. 13 at 17. To the extent Plaintiff seeks relief, Plaintiff must file an appropriate motion for the Court's consideration. *See* Local Rule 3.01(b).

2

3

Plaintiff does not file the amended complaint within the allotted time, the Court will consider Defendant's Motion to Dismiss; and

3.  Plaintiff shall read the Local Rules of this Court. www.flmd.uscourts.gov/local-rules.

**ORDERED** in Orlando, Florida on March 30, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

3