**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT RENE, JR. P.E.,**

**Plaintiff,**

**v.** **Case No: 6:26-cv-00553-CEM-DCI**

**A&M ENGINEERING AND ENVIRONMENTAL SERVICES, INC.,**

**Defendant.**

---

# REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendant's Partial Motion to Dismiss Counts II-VII of Plaintiff's Second Amended Complaint (Doc. 30)** |
| **FILED:** | **May 28, 2026** |

**THEREON** it is **RECOMMENDED** that the Second Amended Complaint (Doc. 23) be **DISMISSED** with leave to amend and that the Motion be **DENIED without prejudice as moot.**

## I. BACKGROUND

Plaintiff Robert Rene, Jr. P.E. (Plaintiff), proceeding *pro se*, filed an initial complaint in state court against Defendant A&M Engineering and Environmental Services, Inc. (Defendant), Plaintiff's former employer. Doc. 1-4 to 1-5. Thereafter, Defendant removed the case to federal court (Doc. 1) and filed a motion to dismiss Plaintiff's initial complaint with prejudice (Doc. 9). On April 8, 2026, Plaintiff filed an amended complaint (Doc. 15, the First Amended Complaint) as a matter of course, prompting the Court to deny Defendant's motion to dismiss (Doc. 9) as moot.

Doc. 16. Plaintiff requested leave to amend the First Amended Complaint (Doc. 22), which the Court granted (Doc. 24). On April 20, 2026, Plaintiff filed a second amended complaint (Doc. 23, the Second Amended Complaint), spanning eighty-two pages. Defendant filed a partial motion to dismiss (Doc. 30, the Motion), seeking to dismiss Counts II-VII of the Second Amended Complaint, arguing that Plaintiff failed to state a claim for relief. Plaintiff subsequently filed a response in opposition to the Motion. Doc. 31.

Upon due consideration, the undersigned recommends the Second Amended Complaint be dismissed with leave to amend.

## II. STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Court must liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading, however, must "still comply with procedural rules governing the proper form of pleadings," *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010),[1] because the Court will not "rewrite an otherwise deficient pleading in order to sustain an action," *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

"A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Luft v. Citigroup Glob. Mkts. Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015)

[1] In the Eleventh Circuit, unpublished decisions are not binding but are persuasive authority. *See* 11th Cir. R. 36-2.

(internal quotation omitted). There are four basic categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings" as "[t]hey waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotation marks and brackets omitted) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981-83 (11th Cir. 2008)). A court faced with a shotgun pleading has the inherent authority to *sua sponte* demand repleader of such complaints. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006) ("Given the district court's proper conclusions that the complaint was a shotgun pleading and that plaintiffs' failed to connect their causes of action to the facts alleged, the proper remedy was to order repleading *sua sponte*.").

**III. DISCUSSION**

At core, the Second Amended Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and therefore fails to give Defendant fair notice of Plaintiff's claims and the grounds upon which they rest. *See* Doc.

23; *Twombly*, 550 U.S. at 555. As set forth below, the undersigned *sua sponte* finds that the Second Amended Complaint is an impermissible shotgun pleading. *See* Doc. 23; *Weiland*, 792 F.3d at 1323.

Spanning eighty-two pages and 296 paragraphs, the Second Amended Complaint is not only voluminous but is rife with allegations that are vague, conclusory, or without an apparent connection to the cause of action sought to be alleged; all of which frustrate the reader's efforts to determine the precise nature of Plaintiff's claims. *See* Doc. 23. Plaintiff begins the Second Amended Complaint by presenting thirty-five pages and 121 paragraphs of factual background, assertedly describing the four-month period of Plaintiff's employment by Defendant through a long and difficult-to-follow narrative. *See id.* at 1-35. In the remaining pages, Plaintiff alleges seven causes of action against Defendant. *Id.* at 35-82.

The reader's interpretation of the Second Amended Complaint is frustrated by Plaintiff's overinclusive incorporation of the same sets of vague and immaterial facts into each of the alleged claims. *See id.* Incorporation by reference is a common pleading mechanism, *see* Fed. R. Civ. P. 10(b); however, overinclusive incorporation by reference supported only by conclusory statements of law is improper because "a defendant who reads the complaint would be hard-pressed to understand 'the grounds upon which each claim rests.'" *Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (quoting *Weiland*, 792 F.3d at 1323) (finding a complaint fell within the second category of shotgun pleadings when the "complaint indiscriminately incorporate[d] and repeated the [same] paragraphs of factual allegations . . . into nine of the 19 counts, without any effort to connect or separate which of those factual allegations related to a particular count"). Plaintiff includes a list of uncontextualized email subject lines in paragraph 121, spanning four pages, which Plaintiff asserts "support elements of the above complaint." *Id.* at 31-35. While Plaintiff

describes numerous email communications throughout the factual allegations, paragraph 121 lacks any accompanying information that might give Defendant insight into how, or if, the included subject lines relate to any of the previously detailed communications. *See id.* at 1-35. Moreover, despite broadly re-alleging and incorporating the entirety of paragraph 121 in each of the seven counts, Plaintiff fails to specify which, or how any, of the subject lines pertain to any particular claim. *See id.* at 35-77. Plaintiff similarly indiscriminately re-alleges and incorporates the entirety of the section "Key Personnel/Witness List at All Relevant Times," *id.* at 3-5, into each count, despite the listed individuals appearing to only be related to particular claims, *see id.* at 35-77. As a result, each count in the Second Amended Complaint includes facts which appear immaterial to the purported claim. *See id.*

While Plaintiff does not necessarily re-allege and incorporate the exact same factual allegations across every count, the way Plaintiff has vaguely included a great many facts into each count makes it difficult to determine which facts support each cause for relief. *See* Doc. 23. For example, in Count V, Plaintiff broadly re-alleges and incorporates by reference 105 paragraphs of factual allegations yet only supports the incorporated allegations with conclusory statements of law, rendering the connection between the factual allegations and Plaintiff's purported professional negligence claim unclear. *See id.* at 58-64. The reader is thus left with the onerous task of sifting through to determine which allegations truly pertain to the asserted claim.[2]

[2] The undersigned notes that even where Plaintiff attempts to directly connect the factual allegations to the purported claims, the grounds upon which Plaintiff's claims rest remain unclear. *See id.* at 64-70; *Weiland*, 792 F.3d at 1323. For example, Plaintiff's claims in Count VI assertedly concern Plaintiff's collaboration on a particular project with a potential employer and Defendant's related conduct. *Id.* While Plaintiff seemingly characterizes the Albany and Waco projects as distinct projects initially, *see id.* at 5, Plaintiff refers to both the Albany and Waco projects interchangeably throughout Count VI. *See id.* at 64-70. Plaintiff on several occasions identifies Albany as the relevant project, *see id.* at 64-65 ("This relationship was based on ongoing professional interactions [and] collaboration on the Albany Project . . . ."), yet contradicts this

The undersigned notes Plaintiff's numerous references to both the Fair Labor Standards Act and the Florida Private Whistleblower Act, which references Plaintiff not only re-alleges and incorporates into every count but repeatedly cites within the text of each count. Doc. 23 at 1-2, 35, 41-42, 47-48, 53, 58, 64-65, 70-71 (first citing 29 U.S.C. § 203(d)-(e); and then citing "Fla. Stat. § 448.101 et seq"). While Plaintiff indeed alleges several claims under the Fair Labor Standards Act and the Florida Private Whistleblower Act, it is unclear how such authority pertains to Plaintiff's other asserted claims (e.g., Count IV—Breach of Contract). Consequentially, the reader is left uncertain as to the grounds upon which Plaintiff's claims rest.

Moreover, the Second Amended Complaint is largely riddled with legal arguments and analysis of legal authority. *See* Doc. 23. As one court in this District recently explained, "a complaint remains an improper and impermissible place for the tedious and burdensome aggregation of prospective evidence, for the rehearsal of tendentious arguments, or for the protracted recitation and explanation of legal authority putatively supporting the pleader's claim for relief." *Trump v. N.Y. Times Co.*, 800 F. Supp. 3d 1297, 1298 (M.D. Fla. 2025). The court found that such a complaint "stands unmistakably and inexcusably athwart the requirements of Rule 8." *Id.* And here, within every count alleged in the Second Amended Complaint, Plaintiff presents pages of analysis of both the federal pleading standards and the legal authority underlying each asserted claim. Doc. 23 at 39-41, 45-47, 51-52, 56-58, 62-64, 68-70, 75-77. Attempting to use this analysis as support, Plaintiff argues that the pleadings for each count both "satisfy[] the pleading requirements of Rule 8(a), Twombly, and Iqbal" and "satisf[y] each element with specific

---

assertion by simultaneously naming Waco as the relevant project, *see id.* at 69-70 ("[T]his opportunity arose from Plaintiff's direct professional interactions and performance on the Waco Project (Paragraphs 70-88)."). Consequentially, the precise nature of Plaintiff's allegations and what specific conduct by Defendant is at issue is unclear. *See id.* at 64-70.

factual allegations." *Id.* at 40, 46-47, 52, 57, 63, 69-70, 76. This type of discussion and briefing is not only repetitive and overlong, but its inclusion in the pleadings is ultimately improper; it is better suited to a legal memorandum. *See Trump*, 800 F. Supp. 3d at 1298.

Thus, the undersigned finds that Plaintiff fails to meet the basic pleading requirements set forth in Rules 8 and 10, and consequently, the undersigned recommends that the Second Amended Complaint is due to be dismissed.

A *pro se* plaintiff must generally be given at least one chance to amend a complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted); *see Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("[T]he key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them."). While Plaintiff has been permitted to amend the pleadings twice previously, Plaintiff was not put on notice of the pleadings' defects on shotgun pleading grounds, and as such, did not have a meaningful chance to cure them. *See* Doc. 14, 24. Given the deficient nature of the pleadings, the undersigned recommends that Plaintiff be given leave to amend the Second Amended Complaint with the benefit of the Court's guidance on the federal pleading requirements and the improper nature of shotgun complaints.

Overall, the issues discussed above, as well as the sheer length and nature of the allegations, make it difficult to determine whether Plaintiff has stated a claim for relief. *See* Doc. 23. Despite that, in the Motion, Defendant attempted to interpret the Second Amended Complaint and raise substantive arguments for dismissal by demonstrating that Plaintiff failed to state a claim for relief. *See* Doc. 30. The undersigned, however, finds that dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is not appropriate considering the shotgun nature of the Second Amended

Complaint. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (refusing to "decide whether some of [plaintiff's] claims were subject to dismissal under Rule 12(b)(6), leaving for another day a decision about other claims following repleading on remand," because such "[p]iecemeal adjudication . . . does not promote judicial efficiency").

## IV. CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that:

1. the Second Amended Complaint be **DISMISSED** with leave to amend; and
2. the Motion (Doc. 30) be denied without prejudice as moot.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**Recommended** in Orlando, Florida on July 29, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE